UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XUDONG YANG, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. H-07-789 |
| | } | |
| MICHAEL CHERTOFF, *et al*, | } | |
| | } | |
| Defendants. | } | |

**OPINION & ORDER**

Plaintiff Xudong Yang ("Yang") brings this action against Defendants Michael Chertoff, Secretary of the Department of Homeland Security, Emilio Gonzalez, Director of the United States Citizenship and Immigration Services of the Department of Homeland Security ("USCIS"), and Robert S. Mueller, Director of the Federal Bureau of Investigation ("FBI"). Pending before the court is Defendants' motion to dismiss (Doc. 4). Yang, proceeding *pro se*, has filed a response (Doc.12). Defendants have since filed a renewed motion to dismiss (Doc. 9), with an affidavit by Michael A. Cannon ("Cannon"), the Director of the FBI's name check program. For the reasons that follow, the court ORDERS that Defendants' motion to dismiss is GRANTED.

I.      Background

Yang filed his Form I-485 application for permanent resident status in November 2004. (Pl.'s Orig. Compl. ¶ 9). USCIS submitted a name check request to the FBI on or about June 17, 2005, which remains pending. (Cannon Aff. ¶ 41, Doc. 9 Ex. 1). Yang has filed the current suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking to have

Defendants complete the name check process and the adjudication of his adjustment of status application. Defendants have moved to dismiss, arguing the court lacks subject-matter jurisdiction because the adjudicatory process, including the length of the process, is within the discretion of the USCIS and not amenable to review.

II.        Legal Standard under Rule 12(b)(1)

A party may move to dismiss for lack of subject matter under Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A district court may weigh the evidence and resolve factual disputes to ensure that it is has the power to hear the case. *Krim*, 402 F.3d at 494. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id*.

III.       Discussion

   A.   Adjustment of Status

The adjustment of status of persons seeking admission to the United States is governed by Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. This statute provides, in relevant part, that

> [t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is

>       admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). The Attorney General's authority has since been transferred to the Secretary of Homeland Security and the USCIS. *See* 6 U.S.C. § 271(b)(5).

### B.     The Administrative Procedures Act ("APA")

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]" 5 U.S.C. § 702. The statute expressly defines "agency action" to include the "failure to act." 5 U.S.C. § 551(13). The APA does not apply to the extent that "statutes preclude judicial review" or that "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). Nor does the APA provide an independent basis for subject-matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977).

### C.     The Mandamus Act

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Jurisdiction depends on "whether mandamus would be an appropriate means of relief." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Mandamus relief is "extraordinary," requiring a plaintiff to establish that (1) he has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and 3) no other adequate remedy is available. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992).

### D.     The Declaratory Judgment Act

The Declaratory Judgment Act states the following:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  It is well-established, however, that the Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. *See Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).

### E. Jurisdiction-stripping Statute

In recent years, Congress has acted to severely restrict federal judicial review of certain discretionary administrative actions and decisions of the USCIS.  Of particular relevance here is the amendment to Section 242 of the INA, which provides that

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
>
> (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . . or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS §§ 1151 *et seq*.] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 USCS § 1158(a)].

8 U.S.C. § 1252(a)(2)(B).

### IV. Discussion

The issue before the court is whether the process of adjudicating an adjustment of status application is discretionary.  The court recently addressed this identical issue in another name-check delay case, *Abanov v. Gonzales*, No. 4:06-cv-3725 (S.D. Tex. Sept. 28, 2007).  In

*Abanov*, the court held the pace of adjudicating an adjustment of status application is discretionary and that, therefore, the court was stripped of subject-matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii).  The same analysis applies in this case.

V.          Conclusion

Accordingly, it is hereby

**ORDERED** that Defendants' motion to dismiss (Doc. 4) is **GRANTED**.  This case is **dismissed**.

SIGNED at Houston, Texas, this 11th day of January, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE